U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Jul 1 - 2026
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER L. DEES and
ETHAN D. SMITH,
Plaintiffs,

Civil Action No. 1:26-cv-1318 (MAD/CBF)

v.

**JURY TRIAL DEMANDED**

BRETT EBY, individually and in his official capacity as Saratoga County District Attorney, and SARATOGA COUNTY,
Defendants.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983**

---

Plaintiffs Jennifer L. Dees and Ethan D. Smith, proceeding pro se, bring this action under 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief against Defendant Brett Eby, individually and in his official capacity as Saratoga County District Attorney, and against Defendant Saratoga County. Plaintiffs allege as follows:

## INTRODUCTION

1. This is a civil-rights action under 42 U.S.C. § 1983 arising from viewpoint-based censorship and retaliation on a public-facing Facebook page used by Defendant Brett Eby after assuming office as Saratoga County District Attorney.

2. The Facebook page at issue began as a campaign page under names including "Eby4DA" and "Brett Eby for District Attorney." After Defendant Brett Eby was elected Saratoga County District Attorney, the same Facebook page was renamed, rebranded, and repurposed as "Brett Eby–Saratoga County District Attorney."

3. Defendant Eby then used the page to communicate with the public about District Attorney business, including criminal prosecutions, sentencing outcomes, public-safety issues, traffic-ticket programs, county matters, and official or quasi-official activity of the Saratoga County District Attorney's Office.

4. By presenting the page under the title and authority of the District Attorney's Office and permitting public interaction with official posts, Defendants created a government-facing forum for speech on matters of public concern.

5. Plaintiffs Jennifer L. Dees and Ethan D. Smith engaged in protected speech and petitioning activity, including criticism of Saratoga County officials, criticism of the District Attorney's Office, litigation, notices of claim, FOIL requests, complaints to public officials, and public advocacy concerning government misconduct, retaliation, transparency, and constitutional rights.

6. Defendant Eby and/or persons acting on behalf of the page blocked Plaintiff Dees from the District Attorney page, not from a private personal page.

7. Plaintiffs placed Defendants on notice through written claims and sworn testimony that Plaintiff Dees was blocked from the District Attorney page, not a private page, yet Defendants refused to restore access and continued censoring Plaintiffs.

8. Defendant Eby and/or persons acting on behalf of the page also deleted, hid, removed, or suppressed comments posted by Plaintiff Smith concerning Defendant Eby, the District Attorney's Office, government conduct, and Plaintiffs' objections to unconstitutional censorship.

9. Defendants' actions were not neutral moderation. Plaintiffs were excluded and censored because of their viewpoint, criticism, complaints, litigation, and protected petitioning activity.

10. Defendants' conduct denied Plaintiffs equal access to official public information, excluded them from a public forum otherwise available to other citizens, chilled Plaintiffs' speech, and burdened their right to petition government.

11. Through this action, Plaintiffs seek a declaration that Defendants' conduct violated the First and Fourteenth Amendments to the United States Constitution; permanent injunctive relief requiring Defendants to restore Plaintiffs' access to the public-facing "Brett Eby–Saratoga County District Attorney" Facebook page and prohibiting future viewpoint-based censorship or retaliation; an order requiring the preservation and production of relevant electronically stored information concerning the administration and moderation of the page; compensatory, nominal, and punitive damages as authorized by law; an award of costs and any recoverable attorney's fees; and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

12. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

13. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) because Plaintiffs seek redress for the deprivation, under color of state law, of rights secured by the United States Constitution and 42 U.S.C. § 1983.

14. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Plaintiffs seek permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and this Court's equitable authority.

16. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because Defendants reside in this District, perform official duties in this District, and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Saratoga County, New York.

17. Saratoga County is located within the Northern District of New York.

18. At all relevant times, Defendant Eby acted under color of state law through his authority, position, title, office, public communications, and use of the District Attorney page to communicate official or quasi-official government business to the public.

**PARTIES**

19. Plaintiff Jennifer L. Dees is an adult resident of New York and a citizen of the United States.
20. Plaintiff Dees has engaged in protected speech and petitioning activity concerning matters of public concern, including Saratoga County government, the Saratoga County District Attorney's Office, law-enforcement conduct, transparency, retaliation, and constitutional rights.
21. Plaintiff Dees was blocked from the public-facing Facebook page titled "Brett Eby–Saratoga County District Attorney," which Plaintiffs allege was used as a government communication channel and public forum for District Attorney business.
22. Plaintiff Ethan D. Smith is an adult resident of New York and a citizen of the United States.
23. Plaintiff Smith has engaged in protected speech and petitioning activity concerning matters of public concern, including Saratoga County government, the Saratoga County District Attorney's Office, law-enforcement conduct, transparency, FOIL compliance, retaliation, and constitutional rights.
24. Plaintiff Smith's comments on the "Brett Eby–Saratoga County District Attorney" Facebook page were deleted, hidden, removed, suppressed, or otherwise restricted.
25. Defendant Brett Eby is the elected Saratoga County District Attorney.
26. Defendant Eby is sued in his official capacity for declaratory and injunctive relief.
27. Defendant Eby is sued in his individual capacity for compensatory damages, nominal damages, punitive damages, and all other damages permitted by law.

28. At all relevant times, Defendant Eby acted under color of state law.

29. Defendant Saratoga County is a municipal corporation organized under the laws of the State of New York.

30. Saratoga County acts through its elected officials, officers, employees, agents, departments, offices, policymakers, and authorized representatives, including the Saratoga County District Attorney's Office.

**FACTUAL ALLEGATIONS**

31. Defendant Eby also maintains a separate personal Facebook account at https://www.facebook.com/brett.eby.7/. This action does not concern Defendant Eby's personal account or his ability to control access to private personal social-media activity.

32. This action concerns the separate public-facing Facebook page titled "Brett Eby–Saratoga County District Attorney," which Defendant Eby uses to communicate with the public concerning the activities, functions, initiatives, and official business of the Saratoga County District Attorney's Office.

33. The page identifies Defendant Eby by his official governmental title and is publicly accessible at https://www.facebook.com/p/Brett-Eby-Saratoga-County-District-Attorney-61578258568557/.

34. Plaintiffs allege that Defendant Eby's use of the "Brett Eby–Saratoga County District Attorney" Facebook page satisfies the state-action standard recognized in Lindke v. Freed, 601 U.S. 187 (2024).

35. Plaintiffs further allege that Defendants' viewpoint-based blocking and suppression of Plaintiffs' speech on the page's interactive features violated the First Amendment.

### A. THE FACEBOOK PAGE BEGAN AS A CAMPAIGN PAGE AND WAS LATER REPURPOSED AS A DISTRICT ATTORNEY PAGE

36. Before Defendant Brett Eby became Saratoga County District Attorney, he maintained the Facebook page for campaign purposes under the name "Eby4DA." Plaintiffs possess screenshots documenting the page's prior campaign branding. See Exhibit 1.

37. After assuming the office of Saratoga County District Attorney on January 1, 2025, Defendant Brett Eby retained control of the Facebook page previously operated as "Eby4DA," renamed and rebranded the page as "Brett Eby–Saratoga County District Attorney." See Exhibit 2.

38. Rather than preserving the page solely as a historical campaign archive, Defendant Eby used the page to communicate with the public concerning the activities, functions, initiatives, and official business of the Saratoga County District Attorney's Office.

### B. THE PAGE IS PRESENTED AND USED AS A GOVERNMENT-FACING DISTRICT ATTORNEY COMMUNICATION PLATFORM

39. After the page was renamed "Brett Eby–Saratoga County District Attorney," Defendant Eby used it as a public-facing communication platform for matters involving the Saratoga County District Attorney's Office.

40. Representative posts published on the page include announcements of criminal prosecutions, indictments, sentencing outcomes, public-safety initiatives, child-protection initiatives, legislative advocacy, fraud-prevention programs, official press releases, community outreach, partnerships with law-enforcement agencies, and other matters concerning the official functions and business of the Saratoga County District Attorney's Office. See Exhibits 3.

41. Representative posts also display the Saratoga County District Attorney's official title, official seal or branding, District Attorney Office letterhead, and communications issued in

Defendant Eby's capacity as District Attorney. Plaintiffs allege these objective features would lead a reasonable member of the public to understand that the page was being used to communicate official or quasi-official government business. See Exhibit 3.

42. The page is not presented or used as a purely private personal account, nor is it limited to private family matters, personal hobbies, or private citizen commentary.

43. A reasonable member of the public would understand the page to be connected to Defendant Eby's official position as Saratoga County District Attorney.

44. Defendant Eby possessed actual authority, by virtue of his office as Saratoga County District Attorney, to communicate with the public concerning prosecutions, public safety, law-enforcement matters, office initiatives, sentencing outcomes, traffic-ticket programs, community outreach, and official District Attorney business.

45. By identifying himself by his official governmental title, presenting the page as "Brett Eby–Saratoga County District Attorney," publishing District Attorney-related communications, and using the page to communicate with the public about matters within the responsibilities of his office, Defendant Eby purported to exercise that authority and acted under color of state law.

46. The page permitted members of the public to view, react to, comment on, and otherwise interact with Defendant Eby's District Attorney communications.

47. Defendants allowed public interaction on posts concerning District Attorney business and matters of public concern, including permitting members of the public to follow the page, react to posts, submit comments, and otherwise interact with Defendant Eby's District Attorney communications. The page remained publicly accessible and open for public participation. Plaintiffs were not excluded because the page was closed to public interaction;

rather, Plaintiffs allege they were selectively blocked or had their comments deleted, hidden, removed, suppressed, or otherwise restricted while the page remained open to other members of the public.

48. Plaintiffs allege that, once Defendants permitted public interaction on District Attorney-related posts, Defendants were required to administer that interactive space in a viewpoint-neutral manner.

49. Upon information and belief, Defendants allowed favorable, supportive, or non-critical comments to remain visible while blocking, deleting, hiding, removing, suppressing, or restricting Plaintiffs' speech.

50. Plaintiffs were not excluded under a neutral rule closing the comment forum to all members of the public. They were selectively excluded and censored while the page remained available for District Attorney communications and public interaction.

51. Plaintiffs allege that Defendants' selective blocking and comment suppression excluded Plaintiffs from an interactive government-controlled social-media forum because of Plaintiffs' viewpoint, criticism, complaints, and protected petitioning activity.

## C. PLAINTIFFS ENGAGED IN PROTECTED SPEECH AND PETITIONING ACTIVITY

52. Plaintiffs Jennifer L. Dees and Ethan D. Smith have engaged in extensive protected speech and petitioning activity concerning matters of public concern.

53. Plaintiffs' protected activity includes criticism of Saratoga County officials, criticism of the Saratoga County District Attorney's Office, criticism of law-enforcement conduct, complaints regarding alleged public corruption, child welfare failures, and retaliation, FOIL requests, notices of claim, litigation, communications with public officials, and public advocacy concerning government accountability.

54. Plaintiffs have spoken publicly about Saratoga County government, public integrity, constitutional rights, transparency, law-enforcement conduct, prosecutorial conduct, and alleged retaliation against citizens who report misconduct.

55. Plaintiffs have filed notices of claim against Saratoga County and County actors.

56. Plaintiffs have pursued litigation and administrative complaints concerning governmental conduct.

57. Plaintiffs have submitted FOIL requests and sought public records concerning county actions, county programs, county communications, and county-funded activity.

58. Plaintiffs' speech and petitioning activity concern matters of public concern.

59. Plaintiffs' speech is protected by the First Amendment.

60. Defendants knew or reasonably should have known of Plaintiffs' protected speech, complaints, notices of claim, litigation, FOIL requests, and public criticism.

**D. PLAINTIFF DEES WAS BLOCKED FROM THE DISTRICT ATTORNEY PAGE**

61. Defendant Eby and/or persons acting on behalf of the page blocked Plaintiff Jennifer L. Dees from the "Brett Eby–Saratoga County District Attorney" Facebook page.

62. Plaintiff Dees was not blocked from a private personal page. She was blocked from the District Attorney page.

63. As a result of being blocked, Plaintiff Dees was denied access to official public information published on the page.

64. Plaintiff Dees was denied the ability to view, react to, comment upon, and interact with District Attorney posts on the same terms as other members of the public.

65. Plaintiff Dees was excluded from a government-facing forum because of her protected speech, criticism, complaints, and viewpoint.

66. Plaintiffs requested that Plaintiff Dees' access be restored.

67. Defendant Eby did not restore Plaintiff Dees' access.

68. The continued blocking of Plaintiff Dees is ongoing.

### E. PLAINTIFF SMITH'S COMMENTS WERE DELETED, HIDDEN, REMOVED, OR SUPPRESSED

69. Plaintiff Ethan D. Smith posted comments on the "Brett Eby–Saratoga County District Attorney" Facebook page.

70. Plaintiff Smith's comments concerned child welfare, public safety, government accountability, and the Saratoga County District Attorney's response to matters of urgent public concern following the Mechanicville murder-suicide in which four children were killed.

71. Plaintiff Smith's comments addressed the need for public officials, including prosecutors and law-enforcement officials, to take child-safety warnings seriously, to respond objectively to evidence, and to ensure that government systems are not used to silence or punish citizens raising concerns about child welfare. See Exhibit 4.

72. Plaintiff Smith's comments were political speech and speech on matters of public concern protected by the First Amendment.

73. On June 30, 2026, Defendant Eby and/or persons acting on behalf of the page deleted, hid, removed, suppressed, or otherwise restricted comments posted by Plaintiff Smith.

74. Plaintiff Smith's comments were not threats, obscenity, spam, or unlawful speech. Plaintiff Smith's comments were protected speech. Plaintiff Smith's comments were suppressed because of their viewpoint, content, criticism of government, or Plaintiffs' protected petitioning activity.

75. The deletion, hiding, removal, or suppression of Plaintiff Smith's comments deprived him of the ability to participate in public discussion on a government-facing page on the same terms as other members of the public.

### F. DEFENDANTS WERE PLACED ON ACTUAL NOTICE AND CONTINUED THE CENSORSHIP

76. Defendants were repeatedly placed on actual notice that Plaintiffs challenged Defendant Eby's blocking and suppression of speech on the public-facing "Brett Eby–Saratoga County District Attorney" Facebook page as unconstitutional viewpoint discrimination and retaliation.

77. On April 12, 2026, Plaintiffs served a Notice of Claim against Saratoga County and County actors, including the Saratoga County District Attorney's Office, County Attorney's Office, County supervisors, employees, agents, records personnel, and policymakers.

78. The Notice of Claim alleged an ongoing course of retaliation, censorship, selective enforcement, obstruction, refusal to investigate, misuse of County systems, and efforts to burden, chill, and suppress Plaintiffs' protected speech, petitioning, reporting, and court-access rights. The Notice specifically identified Defendant Eby's social-media blocking of Plaintiff Dees as evidence of hostility, retaliatory animus, and an effort to shut Plaintiffs out, suppress public scrutiny, and prevent Plaintiffs from speaking publicly about County misconduct.

79. On May 11, 2026, during a deposition conducted by Saratoga County's counsel, Plaintiff Dees testified under oath that she had been blocked by "Mr. Eby" from "the District Attorney page, not his private page." See Exhibit 5.

80. That sworn testimony placed Saratoga County, County counsel, the Saratoga County District Attorney's Office, Defendant Eby, and responsible County officials on actual notice that

Plaintiffs were alleging exclusion from an official District Attorney social-media page, not a private personal account.

81. On or about June 21, 2026, Plaintiffs transmitted an additional written demand to County Attorney George Conway, County Administrator Steve Bulger, members of the Saratoga County Board of Supervisors, County counsel, and other responsible officials, again identifying the continued blocking of Plaintiff Dees as an ongoing First Amendment violation. Plaintiffs' correspondence explained that the page was being used for official District Attorney communications and that continued exclusion from that government-operated social-media forum constituted viewpoint discrimination.

82. Plaintiffs requested that the blocking cease, that Plaintiff Dees' access be restored, and that the matter be resolved cooperatively without further litigation.

83. Plaintiffs also advised that absent corrective action, they intended to pursue federal civil-rights litigation under 42 U.S.C. § 1983 seeking declaratory relief, injunctive relief, damages, and other appropriate relief.

84. Despite written notice, sworn testimony, and an opportunity to cure the violation without litigation, Defendants neither restored Plaintiff Dees' access nor rescinded the blocking decision. Instead, Defendants knowingly permitted the unconstitutional blocking to continue.

85. Rather than correcting the constitutional violations, Defendant Eby and/or persons acting on his behalf escalated the challenged conduct. On or about June 30, 2026, Defendant Eby and/or persons acting on behalf of the "Brett Eby–Saratoga County District Attorney" Facebook page deleted, hid, removed, suppressed, or otherwise restricted Plaintiff Smith's protected comments on that same page.

86. The continued blocking of Plaintiff Dees and later suppression of Plaintiff Smith's comments after repeated notice demonstrate that Defendants' conduct was knowing, intentional, ongoing, and retaliatory—not accidental, technical, isolated, or inadvertent.

87. Defendants' failure to correct the censorship after repeated notice supports Plaintiffs' allegations of ratification, deliberate indifference, and continuing viewpoint-based censorship under color of state law.

88. Defendants were obligated to preserve relevant records and electronically stored information once litigation was reasonably anticipated, including records concerning the page, page ownership, administrators, moderators, role assignments, moderation logs, block lists, restricted-user lists, hidden comments, deleted comments, communications concerning Plaintiffs, and records concerning the transition from campaign use to District Attorney use.

**G. DEFENDANTS' CONDUCT WAS VIEWPOINT-BASED AND RETALIATORY**

89. Defendants did not exclude Plaintiffs under a neutral rule closing the page to all public comment or interaction. Defendants did not restrict Plaintiffs because of threats, obscenity, spam, or unlawful conduct. Defendants restricted Plaintiffs because of their viewpoint, criticism of government officials, complaints, litigation, notices of claim, FOIL requests, public advocacy, and protected petitioning activity.

90. Plaintiffs' speech criticizing Defendant Eby, the Saratoga County District Attorney's Office, Saratoga County actors, and County government was protected by the First Amendment.

91. Defendants permitted the page to remain publicly accessible for District Attorney communications and public interaction while selectively excluding Plaintiffs' disfavored speech.

92. Defendants' blocking of Plaintiff Dees and deletion or suppression of Plaintiff Smith's comments would deter a person of ordinary firmness from continuing to engage in protected speech and petitioning activity.

93. Defendants' actions chilled Plaintiffs' speech, burdened their right to petition government, denied equal access to official public information, and prevented Plaintiffs from participating in public discussion on the same terms as other members of the public.

94. Defendants' conduct constitutes ongoing viewpoint discrimination, retaliation, and unconstitutional censorship under color of state law.

**H. PLAINTIFFS' INJURIES AND CONTINUING HARM**

95. As a direct and proximate result of Defendants' conduct, Plaintiff Dees has been denied access to the public-facing "Brett Eby–Saratoga County District Attorney" Facebook page. Dees has been unable to receive, review, respond to, react to, or participate in public discussion concerning official DA communications on the same terms as other citizens.

96. Plaintiff Smith has had protected comments deleted, hidden, removed, suppressed, or otherwise restricted from the same government-facing forum.

97. Plaintiffs have suffered loss of First Amendment rights, chilling of speech, frustration, humiliation, emotional distress, loss of equal access to public information, and impairment of their ability to criticize and petition government officials.

98. Plaintiffs continue to suffer irreparable constitutional harm because the challenged censorship remains ongoing.

99. Monetary damages alone cannot remedy Plaintiffs' ongoing exclusion from a government-facing forum. Plaintiffs require declaratory and injunctive relief restoring access and

prohibiting future viewpoint-based censorship, retaliation, deletion, hiding, blocking, or suppression of protected speech.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**First Amendment Viewpoint Discrimination**
**42 U.S.C. § 1983**

100. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

101. Defendant Eby acted under color of state law when he used, operated, controlled, administered, authorized, or permitted the use of the "Brett Eby–Saratoga County District Attorney" Facebook page as a public-facing District Attorney communication platform.

102. Defendants opened the page for public interaction concerning District Attorney business and matters of public concern.

103. Defendants blocked Plaintiff Dees and deleted, hid, removed, suppressed, or restricted Plaintiff Smith's comments because of Plaintiffs' viewpoint, criticism, complaints, and protected petitioning activity.

104. Defendants' viewpoint-based exclusion and censorship violated Plaintiffs' rights under the First and Fourteenth Amendments.

### SECOND CAUSE OF ACTION
**First Amendment Retaliation**
**42 U.S.C. § 1983**

105. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

106. Plaintiffs engaged in protected speech and petitioning activity, including public criticism, notices of claim, FOIL requests, complaints, litigation, and advocacy concerning government conduct.

107. Defendants knew of Plaintiffs' protected activity.

108. Defendants blocked Plaintiff Dees and deleted, hid, removed, suppressed, or restricted Plaintiff Smith's comments in retaliation for Plaintiffs' protected activity.

109. Defendants' actions would deter a person of ordinary firmness from continuing to engage in protected speech and petitioning activity.

110. Defendants' retaliatory conduct violated Plaintiffs' rights under the First and Fourteenth Amendments.

**THIRD CAUSE OF ACTION**
**Denial of Access to a Government-Operated Public Forum**
**42 U.S.C. § 1983**

111. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

112. Defendants used the page as a government-facing forum for District Attorney communications and public interaction.

113. Plaintiffs were entitled to access and participate in that forum on equal, viewpoint-neutral terms. By blocking Plaintiff Dees and suppressing Plaintiff Smith's protected comments, Defendants denied Plaintiffs equal access to official public information and public discussion.

114. Defendants' conduct violated Plaintiffs' First Amendment rights.

**FOURTH CAUSE OF ACTION**
**Municipal Liability Against Saratoga County**
**42 U.S.C. § 1983**

115. Plaintiffs repeat and reallege the preceding paragraphs as though fully set forth herein.

116. Saratoga County is liable to the extent the evidence establishes that the constitutional violations resulted from an official policy, custom, practice, ratification, deliberate indifference, failure to supervise, failure to train, or action by a final policymaker.

117. Defendant Eby, as Saratoga County District Attorney, acted as a final policymaker or official decision maker concerning the challenged public-facing District Attorney communications and moderation practices, to the extent established by law and discovery.

118. Saratoga County and responsible County officials were placed on actual notice of the constitutional violations and failed to correct them.

119. The County's failure to correct the violations after notice constituted ratification, deliberate indifference, and/or municipal acquiescence in the ongoing deprivation of Plaintiffs' constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

A. Declare that Defendants violated Plaintiffs' rights under the First and Fourteenth Amendments;

B. Declare that Defendants' blocking, deletion, hiding, removal, suppression, or restriction of Plaintiffs' protected speech on the "Brett Eby–Saratoga County District Attorney" Facebook page constitutes unconstitutional viewpoint discrimination and retaliation;

C. Enter permanent injunctive relief requiring Defendants to restore Plaintiffs' access to the page;

D. Enjoin Defendants from blocking, deleting, hiding, removing, suppressing, or restricting Plaintiffs' protected speech based on viewpoint, criticism, complaints, litigation, FOIL requests, notices of claim, or other protected petitioning activity;

E. Award compensatory damages in an amount to be determined by the jury;

F. Award nominal damages;

G. Award punitive damages against Defendant Eby in his individual capacity;

H. Award Plaintiffs costs and any other relief permitted by law; and

I. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

We declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 1, 2026

Jennifer L. Dees
Plaintiff Pro Se
16 Grant Hill Rd
Clifton Park, NY 12065

Ethan D. Smith
Plaintiff Pro Se
16 Grant Hill Rd
Clifton Park, NY 12065